NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0241n.06

No. 11-3274

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**_Feb 29, 2012_**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| BHARATKUMAR SATHVARA, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before:  KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM.  Bharatkumar Sathvara, who is represented by counsel, petitions for review of an order by the Board of Immigration Appeals dismissing his appeal from the decision of an immigration judge (IJ) that denied his applications for withholding of removal and protection under the Convention Against Torture.  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case.  Fed. R. App. P. 34(a).

Sathvara is a native and citizen of India who entered the United States without authorization. On October 4, 2007, the United States Department of Homeland Security commenced removal proceedings against Sathvara by issuing a Notice to Appear.  The Notice to Appear alleged that Sathvara entered the United States on an unknown date and at an unknown location.  Sathvara was removable because he was "present in the United States without being admitted or paroled." Sathvara indicated that he entered this country through California in 1995.  He requested permission to amend the Notice to Appear to reflect that fact.  After the amendment, Sathvara admitted the allegations contained in the Notice to Appear and conceded removability.  Sathvara applied for asylum, withholding of removal, and protection under the Convention Against Torture.

Following a hearing at which Sathvara withdrew his application for asylum, the IJ denied relief, ordering Sathvara removed to India. The Board dismissed Sathvara's appeal.

Sathvara filed a timely petition for review of the Board's order. He challenges the denial of his requested relief. We have previously denied Sathvara's motion to stay the removal.

We review legal determinations of the IJ and the Board de novo and factual determinations for substantial evidence. *Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008). The IJ's and Board's factual findings and determination regarding eligibility for relief from removal will be upheld unless the evidence "not only supports a contrary conclusion, but *compels* it." *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007) (emphasis in original) (quoting *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004)).

To qualify for withholding of removal, an alien must establish that his "life or freedom would be threatened in [the proposed] country [of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant for withholding of removal must establish a clear probability of persecution, *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005), by demonstrating "that 'it is more likely than not' that he or she will be persecuted upon return" to a particular country. *Liti v. Gonzales*, 411 F.3d 631, 641 (6th Cir. 2005) (quoting 8 C.F.R. § 1208.16(b)(2)). Persecution is "'the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim.'" *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009) (quoting *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004)).

To be entitled to relief under the Convention Against Torture, an applicant must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001) (quoting 8 C.F.R. § 208.16(c)(2)). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Sathvara sought withholding of removal and protection under the Convention Against Torture based upon his Hindu religion. In his application for relief from removal, Sathvara stated that he worked as a mechanic "for a Muslim owner, Ahmad." During the four-year period that he worked for Ahmad, he was never given a pay raise. Sathvara "asked several times for a raise." Although Ahmad allegedly promised a raise, one was never given. According to Sathvara, Ahmad refused to give him a pay raise because Sathvara "was Hindu." Sathvara quit his job and eventually opened his own automobile business. Sathvara's business, located in close proximity to Ahmad's, apparently did well. In fact, Sathvara stated that "almost 60% to 80%" of the customers he had while he worked for Ahmad patronized his business, and that "Ahmad's auto shop started to lose business," which upset Ahmad.

One day, Ahmad and "four of his Muslim friends" came to Sathvara's business, "broke several things in [his] shop," and beat him. Sathvara reported the incident to the police, but Sathvara stated that no action was taken because the officers were Muslim. A few months later, a similar incident happened when Ahmad and "four of his Muslim friends came to [Sathvara's] house," beat him, and threatened his parents. Due to Ahmad's actions, Sathvara felt that he "had to close down [his] shop and move with" his parents to another town. After his move, one of Ahmad's men appeared and threatened to kill Sathvara. At this point, Sathvara decided to leave India. Sathvara fears death at the hands of "Ahmad and his Muslim colleagues" if he returns to India based upon Ahmad's belief that Sathvara is trying to destroy Ahmad's reputation.

At the hearing before the IJ, Sathvara testified consistently with his application for relief. The IJ found Sathvara's testimony credible. However, the IJ found that Sathvara had failed to establish a "nexus between the harm or threat of harm, and any one of the protected grounds." The IJ concluded that Sathvara's statement that he did not receive a raise because of his Hindu religion was speculative because "Ahmad never made any statements as to the reason a raise was not given, and [Sathvara] could offer no other testimony establishing the basis for the failure to give a raise." The IJ also noted "that simply the refusal to give a raise does not constitute persecution." The IJ found that the incident involving Ahmad and his friends coming to Sathvara's shop reflected

Ahmad's anger toward Sathvara "due to the fact that [Sathvara] was a competitor, and that [Sathvara] was taking Ahmad's business away from him." The incident was "not based upon religion or any of the five protected grounds." The IJ found that the incident involving Ahmad and his friends coming to Sathvara's home was also "not based upon religion or any of the other five protected grounds," but, instead occurred because Ahmad "was upset that [Sathvara] had filed a report with the police" regarding the incident at Sathvara's shop. The IJ concluded that the threat to Sathvara after his move to another town "was a warning that [Sathvara] should not report any attack to the police."

In addition to the failure to establish a nexus between the harm and any of the protected grounds of § 1231(b)(3)(A), the IJ found that the harm suffered and threats Sathvara endured did not "rise to the level of persecution." Consequently, the IJ found no past persecution.

The IJ also found no well-founded fear of future persecution. Assuming that Sathvara's fear of future persecution is subjectively real, the IJ found that his fear is not objectively reasonable because his family members continue to reside in India without harm and at least thirteen years have passed since Sathvara left India.

The Board agreed with the IJ's determination that Sathvara did not qualify for withholding of removal or protection under the Convention Against Torture. Substantial evidence supports the decision of the Board. *See Zoarab*, 524 F.3d at 780. The evidence reveals that Sathvara's fears of returning to India stem from a rival business competitor, rather than persecution based upon one of the protected grounds. Thus, Sathvara has not met his burden of showing that any reasonable adjudicator would be compelled to reach a different determination than the Board as to his applications for withholding of removal and protection under the Convention Against Torture. *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 751 (6th Cir. 2006).

The petition for review is denied.